**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LED Tech Development, LLC, | |
| Plaintiff | C.A. No. |
| v. | |
| Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Samsung Electronics Co., Ltd. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LED Tech Development, LLC ("LED Tech") alleges as follows:

**PARTIES**

1. LED Tech is a Delaware limited liability company with a principal place of business located at 719 West Front St., Suite 242, Tyler, Texas 75702.

2. On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, Samsung America may be served through its agent for service of process CT Corporation System, 111 8th Avenue, New York, New York 10011.

3. On information and belief, Defendant Samsung Telecommunications America, LLC ("Samsung Telecom") is a Delaware corporation with its principal place of business at 85 W. Tasman Dr., San Jose, California 95134. On information and belief, Samsung Telecom may be served through its agent for service of process Corporation Service Company, 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808.

4.     On information and belief, Samsung Electronics Co., Ltd. ("Samsung Korea") is a corporation organized and existing under the laws of South Korea, with its principal place of business at 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea.  On information and belief, Samsung Korea is a nonresident of Delaware who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  Samsung Korea may be served with process in South Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendant Samsung America because Samsung America has established minimum contacts with the forum state of Delaware.  Defendant, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware.  In addition, Defendant, directly and/or through its distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware.  Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. This Court has personal jurisdiction over Defendant Samsung Telecom because Samsung Telecom has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendant, directly and/or through its distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. This Court has personal jurisdiction over Defendant Samsung Korea because Samsung Korea has established minimum contacts with the forum state of Delaware. Defendant, directly and/or through third-party manufacturers, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendant, directly and/or through its distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendant has purposefully availed itself of the benefits of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because Defendants are subject to personal jurisdiction in this District and have committed acts of patent infringement in this District.

**FACTUAL BACKGROUND**

10.     LED Tech is the owner by assignment of U.S. Patent No. 6,095,661 (the "'661 patent"). The '661 patent is entitled "Method and Apparatus for an L.E.D. Flashlight." The '661 patent issued on August 1, 2000. A true and correct copy of the '661 patent is attached hereto as Exhibit A.

11.     LED Tech is the owner by assignment of U.S. Patent No. 7,393,119 (the "'119 patent"). The '119 patent is entitled "Method and Apparatus for Constant Light Output Pulsed L.E.D. Illumination." The '119 patent issued on July 1, 2008. A true and correct copy of the '119 patent is attached hereto as Exhibit B.

12.     LED Tech is the owner by assignment of U.S. Patent No. 6,808,287 (the "'287 patent"). The '287 patent is entitled "Method and Apparatus for a Pulsed L.E.D. Illumination Source." The '287 patent issued on October 26, 2004. A true and correct copy of the '287 patent is attached hereto as Exhibit C.

13.     LED Tech is the owner by assignment of U.S. Patent No. 6,488,390 (the "'390 patent"). The '390 patent is entitled "Color-Adjusted Camera Light and Method." The '390 patent issued on December 3, 2002. A true and correct copy of the '390 patent is attached hereto as Exhibit D.

**COUNT I**
**(Infringement of U.S. Patent No. 6,095,661)**

14.     Samsung America and Samsung Korea have been and still are infringing at least claims 21 and 22 of the '661 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting

diodes, including, but not limited to, their Series 7 Slate Tablet PC and Series 7 NP700G7C-S01US notebook computer.

15. To the extent that facts learned in discovery show that Samsung America and Samsung Korea's infringement of the '661 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

16. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '661 patent.

17. As a result of Samsung America and Samsung Korea's infringement of the '661 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for Samsung America and Samsung Korea's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung America and Samsung Korea, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless Samsung America and Samsung Korea's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining Samsung America and Samsung Korea and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '661 patent, LED Tech will be greatly and irreparably harmed.

### COUNT II
### (Infringement of U.S. Patent No. 7,393,119)

15. Samsung America and Samsung Korea have been and still are infringing at least claims 1 and 11 of the '119 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes,

including, but not limited to, their Series 7 Slate Tablet PC and Series 7 NP700G7C-S01US notebook computer.

16. To the extent that facts learned in discovery show that Samsung America and Samsung Korea's infringement of the '119 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

17. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '119 patent.

18. As a result of Samsung America and Samsung Korea's infringement of the '119 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for Samsung America and Samsung Korea's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung America and Samsung Korea, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless Samsung America and Samsung Korea's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining Samsung America and Samsung Korea and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '119 patent, LED Tech will be greatly and irreparably harmed.

## COUNT III
### (Infringement of U.S. Patent No. 6,808,287)

20. Samsung America and Samsung Korea have been and still are infringing at least claim 1 of the '287 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes,

...

including, but not limited to, their Series 7 Slate Tablet PC and Series 7 NP700G7C-S01US notebook computer.

21.     Samsung America, Samsung Telecom, and Samsung Korea have been and still are infringing at least claim 1 of the '287 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes, including, but not limited to, their Galaxy SII smartphone.

22.     To the extent that facts learned in discovery show that Samsung America, Samsung Telecom, and Samsung Korea's infringement of the '287 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

23.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '287 patent.

24.     As a result of Samsung America, Samsung Telecom, and Samsung Korea's infringement of the '287 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for Samsung America, Samsung Telecom, and Samsung Korea's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung America, Samsung Telecom, and Samsung Korea, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless Samsung America, Samsung Telecom, and Samsung Korea's infringing activities are enjoined by this Court.

25.     Unless a permanent injunction is issued enjoining Samsung America, Samsung Telecom, and Samsung Korea and their agents, servants, employees,

representatives, affiliates, and all others acting or in active concert therewith from infringing the '287 patent, LED Tech will be greatly and irreparably harmed.

**COUNT IV**
**(Infringement of U.S. Patent No. 6,488,390)**

26. Samsung America and Samsung Korea have been and still are infringing at least claims 1, 2, 29, and 30 of the '390 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, products utilizing pulse-width modulation signals to drive light-emitting diodes, including, but not limited to, its Series 7 Slate Tablet PC.

27. To the extent that facts learned in discovery show that Samsung America and Samsung Korea's infringement of the '390 patent is or has been willful, LED Tech reserves the right to request such a finding at the time of trial.

28. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '390 patent.

29. As a result of Samsung America and Samsung Korea's infringement of the '390 patent, LED Tech has suffered monetary damages in an amount adequate to compensate for Samsung America and Samsung Korea's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung America and Samsung Korea, together with interest and costs as fixed by the Court, and LED Tech will continue to suffer damages in the future unless Samsung America and Samsung Korea's infringing activities are enjoined by this Court.

30. Unless a permanent injunction is issued enjoining Samsung America and Samsung Korea and their agents, servants, employees, representatives, affiliates, and all

others acting or in active concert therewith from infringing the '390 patent, LED Tech will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

LED Tech prays for the following relief:

1. A judgment that Samsung America and Samsung Korea have infringed one or more claims of the '661, '119, '287, and '390 patents;

2. A judgment that Samsung Telecom has infringed one or more claims of the '287 patent;

3. A permanent injunction enjoining Samsung America and Samsung Korea and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing either of the '661, '119, '287, and '390 patents;

4. A permanent injunction enjoining Samsung Telecom its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '287 patent;

5. An award of damages resulting from Samsung America, Samsung Telecom, and Samsung Korea's acts of infringement in accordance with 35 U.S.C. § 284;

6. A judgment and order requiring Samsung America, Samsung Telecom, and Samsung Korea to provide an accounting and to pay supplemental damages to LED Tech, including, without limitation, prejudgment and post-judgment interest; and

7. Any and all other relief to which LED Tech may show itself to be entitled.

## **JURY TRIAL DEMANDED**

LED Tech hereby demands a trial by jury of all issues so triable.

October 15, 2012

Of Counsel:

Marc A. Fenster
Daniel P. Hipskind
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
mfenster@rawklaw.com
dhipskind@raklaw.com
(310) 826-7474

BAYARD, P.A.

 /s/ Richard D. Kirk
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com


*Attorneys for Plaintiff,*
*LED Tech Development, LLC*